The opinion of the court was delivered by
Watkins, J.
The Tax Collector proceeded by rule on the defendant to compel him to show cause why he should not pay license for pursuing ! ‘ the business of contractor or mechanic employing assistance.” For answer to the rule, defendant denies owing the license demanded, and avers that so much of Sec. 12 of Act 101 of 1886, as authorizes the collection of annual license of $25 from every individual carrying on the business of master builder or “mechanic who employs assistance,” is null and void, because it is in contravention of the 206th Article of the Constitution, which exempts persons engaged “in mechanical pursuits” from the payment of such license.
The magistrate made the rule absolute, and condemned the defendant to pay the license demanded, and he has appealed.
The defendant’s counsel cite and rely upon our decision in City of New Orleans vs. Bayley, 35 An. 545, as being conclusive of the question in his favor.
In that case we had under consideration and construed the provisions of Sec. 12 of Act 119 of 1880, it being the license law of that year, enacted in pursuance of Arts. 206 and 207 of the Constitution, and also a city ordinance providing a similar license for the municipality. In the course of that opinion we said: “The defendant is a *788 plasterer, works at his trade with his own hands, and, when executing a larger contract than he can conveniently handle himself, employs other plasterers to assist him.
“Manifestly he is engaged in a mechanical pursuit. The employment of assistance in his occupation does not alter the nature of his occupation. The Oonstitution exempted those engaged in mechanical pursuits from the payment of license upon their trades.” It then held that the license law of the State, and the license ordinance of the city, enacted in pursuance thereof, were both illegal, saying:
“The superior law had already prohibited that kind of business from beingtaxed, and therefore the Legislature was without authority to impose a tax upon it. Much more was the city without authority.”
Undoubtedly that opinion is correct, for Bayley was a plasterer and worked at his trade with his own harnds. When he had a larger contract than he could conveniently perform himself he employed other plasterers to assist him. Manifestly he was engaged in “ a mechanical pursuit,” such as is contemplated in the constitutional exemption.
But we feel quite sure that it was not the intention of the framers of the constitutional article to exempt persons carrying on the business in which the defendant is engaged; and we are equally certain that the Legislature does not so construe its provisions; for, notwithstanding the interpretation placed by this court upon the provisions of the License Act of 1880, the identical provisions thereof are found incorporated in the license law under consideration. The act declares ‘ ‘ that the annual license * * * for every individual or company carrying on the profession or business (of) agency for steamboats, draying, trucking, keeping cabs, carriages, hacks or horses for hire, undertaker, owner or lessees of toll bridges and master builders, stevedores and mechanics who employ assistance, shall be,” etc. (Italics ours.)
The statute places each and every one of these avocations or employments in the category of “ business or profession.” The article of the Oonstitution declares that “ all persons, associations of persons, and corporations pursuing any trade, profession, business' or calling may be rendered liable to such (license) tax, except clerks, laborers, clergymen, school teachers, those engaged in mechanical, agricultural, horticultural and mining pursuits,” etc. (Italics ours.).
*789 This language justifies the distinction which the statute has made. It justifies a license tax being imposed on such persons as pursue any of the professions, businesses or callings which are enumerated therein, and the exemption from such tax of those who are engaged as clerks or laborers, and those engaged in mechanical pursuits, etc. So it may be that a master builder or contractor who employs workmen or assistants is liable to this license tax; and, at the same time, a clerk, laborer or one engaged in a mechanical or agricultural pursuit who employs other laborers or mechanics to assist him is exempt therefrom.
The question turns upon the character of the avocation or employment, and not upon the fact of assistants being employed.
A “mechanic,” according to Worcester, is “ one employed in mechanical or manual labor;” and “mechanical” is defined to be “ employment in manual labor.” Taking the phrase “ engaged in mechanical pursuits ” according to these definitions, and it is clear that the framers of the constitutional article intended to relieve from license those persons who are engaged from day to day in the performance of manual labor in mechanical or agricultural pursuits, and that the master builders and contractors who employ others to do the work which they merely superintend should, like other pro-, fessional men, pay the license tax.
It appears from the evidence in this case that the defendant is a brick mason, but has not followed the manual duties of that occupation for many years. That he makes contracts for the erection and construction of brick edifices, the building of which he supervises, while the mechanical labor of laying the bricks is performed by employés of his own, or those of the person for whom the contract is taken.
The defendant is also a manufacturer of brick, and he makes contracts to place them in the walls of buildings at a fixed price per thousand. In such case he employs brick layers to do the mechanical part of the work, and he superintends the construction of the building. Two of the witnesses state that the “defendant has been a contractor for the brick work of many buildings, constructed in the city of Monroe, during the past fifteen years,” and he “has not performed any regular manual labor, in laying bricks, in the erection of these buildings. He has contracted for the brick work, or supervised or superintended it, in all the cases referred to.”
*790 It is shown that defendant has, “within the past fifteen years, occasionally laid bricks in order to exhibit his own skill or to direct others.”
The defendant is a contractor or master mechanic or builder, who employs other persons to do the work which he superintends. Unlike Bayley, he does not “work at his trade with his own hands,” nor does he engage others to assist him. Those whom he employs perform the work with their hands, and he superintends them, merely.
The statute which subjects persons pursuing such an avocation as defendant’s to a license tax is not unconstitutional, and he is liable for its payment.
Judgment affirmed.